UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO E. WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | |
| **DELTA BUSINESS COLLEGE, ET AL** | **NO. 07-552-C-M2** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, December 17, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANGELO E. WASHINGTON**                                                       **CIVIL ACTION**

**VERSUS**

**DELTA BUSINESS COLLEGE, ET AL**                                   **NO. 07-552-C-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, Angelo E. Washington ("Washington"), filed this action against Delta Business College ("Delta"), the U.S. Department of Education ("DOE"), and DSI Collection Agency ("DSI") (collectively "defendants") pursuant to 42 U.S.C. §1983 and various other statutes on August 9, 2007. In his complaint, he alleges that he attended school at Delta in 1980 and 1981 and that he secured loans for such schooling through the DOE. He further contends that, subsequently, after he stopped attending school at Delta in 1982, the DOE continued to pay, and Delta continued to accept, loan payments on his behalf, despite the fact that he was no longer attending school, and Delta refused to return the loan funds to the DOE and indicated that Washington owed a return of the funds.

Washington asserts that, for over twenty (20) years after he stopped attending school in 1982, the defendants instituted collection proceedings against him and used fraudulent methods to collect repayment of the loan money until "August 4, 2006, when [they] "finally realized they were in error, ceased the collection proceedings [against him], added up the total amount collected [over] the years [ ], and sent him a check for the amount of the loan money illegally collected." He alleges that the defendants' collaboration

1

and illegal charging of him for student loans which he did not owe resulted in destruction of his credit and job reputation, garnishment of his wages, and slander and defamation of his name in violation of various laws.  As a result of such conduct, he contends that he experienced "pain, suffering, harm, credit damages,[1] [ ] other violations of laws [ ] and/or mental, emotional, social, psychological, financial, economic, and/or socio economic damages" as well as "employment humiliation and abuse due to the illegal taking of money not owed to the defendants."

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra*.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

In the Court's view, Washington's suit should be dismissed pursuant 28 U.S.C. § 1915(e) because it lacks any arguable basis in law since it is clearly prescribed.  Because

---

[1] Specifically, he contends that he has not been able to obtain loans for homes, cars, schooling, and other needed items for more than fifteen (15) years.

§1983 claims are not subject to specific federal statutes of limitations, courts are to borrow the forum state's general personal injury limitations period with respect to those claims. *R.L. Montgomery, III v. State of Louisiana*, 2002 WL 1973820 (5th Cir. 2002); *Bourdais v. New Orleans City*, 485 F.3d 294 (5th Cir. 2007). In Louisiana, the applicable limitations period is the one (1) year prescriptive period provided for tort actions in La. Civ. C. Art. 3492. *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339 (5th Cir. 2005), citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985).

Although state law governs the prescriptive period for a § 1983 action, federal law determines the time at which the action accrues. *Montgomery*, at *2. Federal law dictates that the statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).[2] A plaintiff's awareness consists of two (2) elements: (1) the existence of an injury; and (2) a causal connection between the injury and the defendant's conduct. *Id.* The plaintiff need not know that he or she has a cause of action and need only know the facts that would ultimately support the cause of action. *Id.*

In the present case, Washington was aware, by virtue of the alleged collection proceedings, harassment, and garnishment that was taking place over a twenty year period since he stopped attending school in 1982, that he was being "illegally charged" for student loan money that he did not owe to the defendants; however, he failed to file any suit in connection with such alleged wrongful conduct until August 9, 2007. Accordingly, his claim

---

[2] *Montgomery v. Louisiana*, 2002 WL 1973820, *2 (5th Cir. 2002); *Porter v. Orleans Parish Sheriff's Dept.*, 2007 WL 1852105 (E.D. La. 2007).

3

was not filed within one year of acquiring knowledge of the facts supporting his cause of action and should therefore be dismissed.  Furthermore, even if Washington arguably contends that the defendants' conduct was a "continuing violation,"[3] his claim is nevertheless prescribed because the last wrongful act of the defendants, according to Washington's own allegations, occurred prior to August 4, 2006 when the defendants finally wrote him a "reimbursement check," and Washington failed to file his complaint until over a year later, on August 9, 2007.

Finally, even if Washington's claim is somehow construed as being contractual in nature stemming from his original loan contract and/or any alleged " business, college, and education contract" he may have had with Delta, any such contractual claim(s) would likewise be prescribed because over ten (10) years have elapsed since the defendants purportedly began breaching such contractual obligation(s) by continuing to pay/collect loan payments after Washington stopped attending Delta in 1982.[4]  Thus, Washington's case should be dismissed with prejudice as time-barred.

---

[3] The "continuing violation theory" can relieve a plaintiff of showing that all of the defendant's conduct occurred within the prescriptive period, but only if the plaintiff can show "a series of related acts, one or more of which falls within the limitations period."  *Messer v. Meno*, 130 F.3d 130, 134-135 (5th Cir. 1997).

[4] *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221 (5th Cir. 2005)(In Louisiana, the prescriptive period is ten years for breach of contract, running from the date of the breach).

4

## **RECOMMENDATION**

For the above reasons, it is recommended that the present matter filed by plaintiff, Angelo E. Washington, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) because it is prescribed.

Signed in chambers in Baton Rouge, Louisiana, December 17, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**